IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


DIXIE McFADDEN, GREGORY W.               04-CV-103-BR
BYRNE, and DEBRA D. BYRNE,

       Plaintiffs,                          OPINION AND ORDER

v.

DRYVIT SYSTEMS, INC., a Rhode
Island Corporation,

       Defendant.


DEAN E. ALDRICH
The Aldrich Law Office PC
522 S.W. Fifth Avenue, Suite 1230
Portland, OR 97204
(503) 226-7045

       Attorney for Plaintiffs

KENNETH HOBBS
Stafford Frey Cooper
601 Union Street, Suite 3100
Seattle, WA 98101
(206) 623-9900

       Attorneys for Defendant


1 - OPINION AND ORDER

**BROWN, Judge.**

This matter comes before the Court on Defendant's Motion for Summary Judgment of Dismissal Based on Federal Constitutional Grounds (#70).

For the reasons that follow, the Court **GRANTS** Defendant's Motion.

## BACKGROUND

### A.  Factual Background

The facts underlying this action are set forth in detail in Magistrate Judge Stewart's October 8, 2004, Findings and Recommendation, and, therefore, only a brief summary is provided here.  The facts relevant to Defendant's Motion are undisputed.

Plaintiffs own adjacent townhouses in Portland, Oregon.  In September 1997, Plaintiffs hired a siding contractor to replace the siding on their townhouses with a "moisture drainage" siding system manufactured by Defendant Dryvit Systems, Inc.  Plaintiffs allege the siding system was improperly installed and was defective.

In August 2000, Plaintiffs had their homes professionally inspected.  The inspection revealed defects in the siding system and its installation.  In June 2002, Plaintiffs again had their homes inspected.  The 2002 inspection revealed moisture in the wood structure beneath the siding.  In 2003, Plaintiffs had the

2 - OPINION AND ORDER

siding removed and replaced with cedar siding.

## B.  Procedural History

On September 10, 2001, Plaintiffs filed suit in Multnomah County Circuit Court against Dryvit and the siding installer and alleged claims of fraud (deceit), product liability, and breach of warranties.  After Plaintiffs settled with the installer, Dryvit removed the case to federal court (Case No. 03-CV-45). After removal, Plaintiffs filed their Third Amended Complaint and added a claim for violation of the Magnuson-Moss Warranty Act. On October 31, 2003, this Court transferred the case to a multi-district litigation (MDL) panel in the Eastern District of North Carolina.  Dryvit moved for summary judgment in that court on the ground that all of Plaintiffs' claims were time barred under Or. Rev. Stat. § 30.905, Oregon's product liability statute of limitations.

On December 11, 2003, the MDL panel granted Dryvit's Motion for Summary Judgment and dismissed all of Plaintiffs' claims against Dryvit as time-barred.  Plaintiffs did not appeal this ruling.

On January 22, 2004, Plaintiffs filed a new action in this Court alleging the same claims asserted in their Third Amended Complaint in Case No. 03-CV-45.  This new action is the case currently before this Court (Case No. 04-CV-103).

On June 18, 2004, Dryvit moved for summary judgment on

3 - OPINION AND ORDER

various theories. Dryvit argued, *inter alia*, that the 2003 amendment to Or. Rev. Stat. § 30.905 violates the Oregon Constitution's provisions regarding separation of powers. On October 8, 2004, the Court denied Dryvit's Motion on all grounds except the state constitutional grounds. Presiding Judge Ancer Haggerty certified the state constitutional question to the Oregon Supreme Court.

On May 26, 2005, the Oregon Supreme Court concluded the amended statute does not violate Oregon's separation-of-powers doctrine.

On July 15, 2005, Dryvit again moved for summary judgment on the ground that amended Or. Rev. Stat. § 30.905 violates the United States Constitution, specifically the Due Process Clause and Equal Protection Clause of the Fourteenth Amendment. Dryvit did not raise this argument in its initial Motion for Summary Judgment.

## STANDARDS

Fed. R. Civ. P. 56(c) authorizes summary judgment if no genuine issue exists regarding any material fact and the moving party is entitled to judgment as a matter of law. The moving party must show the absence of an issue of material fact. *Leisek v. Brightwood Corp.*, 278 F.3d 895, 898 (9th Cir. 2002). In response to a properly supported motion for summary judgment, the

4 - OPINION AND ORDER

nonmoving party must go beyond the pleadings and show there is a genuine issue of material fact for trial. *Id.*

An issue of fact is genuine "'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Villiarmo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1061 (9th Cir. 2002) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). The court must draw all reasonable inferences in favor of the nonmoving party. *Id.*

The substantive law governing a claim or a defense determines whether a fact is material. *Addisu v. Fred Meyer, Inc.*, 198 F.3d 1130, 1134 (9th Cir. 2000). If the resolution of a factual dispute would not affect the outcome of the claim, the court may grant summary judgment. *Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 919 (9th Cir. 2001).

## DISCUSSION

Defendant's Motion presents the issue of the constitutionality of the Oregon Legislature's 2003 amendment of Or. Rev. Stat. § 30.905. Specifically, Defendant argues the retroactivity component of the amended statute violates both the Due Process Clause and the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution.

**I.   Or. Rev. Stat. § 30.905 (amended)**

In 2001, when Plaintiffs first filed an action against

5 - OPINION AND ORDER

Defendant, Or. Rev. Stat. § 30.905(2) provided a product liability civil action must be "commenced not later than two years after the date on which the death, injury or damage complained of occurs." The Oregon Supreme Court held the statute did not include a "discovery rule," and the two-year limitations period began to run when the "death, injury or damage complained of" occurs regardless whether the plaintiff discovers the harm within that period. *Gladhart v. Oregon Vineyard Supply Co.*, 332 Or. 226, 234 (2001). As a consequence, actions filed after the Supreme Court's decision in *Gladhart* were barred if they were not brought within two years of the date of injury even if the plaintiff could not have discovered the defect within that time.

Apparently in reaction to *Gladhart*, the Oregon Legislature amended Or. Rev. Stat. § 30.905 in 2003 to provide that a product liability civil action

> must be commenced not later than the earlier of: (a) Two years after the date on which the plaintiff discovers, or reasonably should have discovered, the personal injury or property damage and the causal relationship between the injury or damage and the product, or the causal relationship between the injury or damage and the conduct of the defendant; or (2) Ten years after the date on which the product was first purchased for use or consumption.

The amended statute also provides:

> (1) Subject to the provisions of this section, the amendments to ORS 30.905 by section 1 of this 2003 Act apply only to deaths, personal injuries or property damage

6 - OPINION AND ORDER

> that occurs on or after the effective date of this 2003 Act [January 1, 2004].
>
> (2) The amendments to ORS 30.905 by section 1 of this 2003 Act revive a cause of action for which a civil action for death, personal injury or property damage was filed before the effective date of this 2003 Act if:
>
>> (a) The civil action was filed within the time provided by ORS 30.905 as amended by section 1 of this 2003 Act;
>>
>> (b) The civil action was adjudicated based on the provisions of ORS 30.905 as in effect immediately before the effective date of this 2003 Act; and
>>
>> (c) A final judgment was entered in the civil action on or after June 8, 2001,[1] and before the effective date of this 2003 Act.
>
> (3) A civil action based on a cause of action revived by subsection (2) of this section must be refiled within one year after the effective date of this 2003 Act.

Or. Rev. Stat. § 30.905 Note (2003).

## II. Applicability of Or. Rev. Stat. § 30.905 (amended).

As an initial matter, the Court must determine whether the amended statute applies to Plaintiff's action. Plaintiffs argue the amended statute applies because 1) they originally filed an action on September 10, 2001, which was less than two years after they discovered the damage to their homes; 2) the original action

---

[1] This is the date of the Oregon Supreme Court's decision in *Gladhart*.

7 - OPINION AND ORDER

was dismissed based on the earlier version of the statute; and 3) a final judgment in the original action was entered on December 11, 2003, which was before the effective date of the amended statute. Plaintiffs contend the new action filed in this Court "revived" their earlier "cause of action" in accordance with amended Or. Rev. Stat. § 30.905 (2003).

At oral argument, both parties agreed the amended statute applies to Plaintiff's action. After considering the parties' arguments on this issue, the Court agrees the statute applies here.

### III. Due Process

Dryvit argues the amended statute violates the Fourteenth Amendment Due Process Clause because it purports to set aside a final judgment. According to Dryvit, judgments are a form of property under the "vested-rights doctrine," and the prevailing party to the judgment cannot be deprived of that property without due process.

The vested-rights doctrine can be traced to *McCullough v. Commonwealth of Virginia*, 172 U.S. 102 (1898). In *McCullough*, a taxpayer obtained a final judgment for a tax refund against the State of Virginia. The Virginia legislature attempted to prevent the taxpayer from collecting his judgment by repealing the legislation under which he became entitled to the refund. The Supreme Court struck down the legislation as unconstitutional

8 - OPINION AND ORDER

because "it is not within the power of a legislature to take away rights which have been once vested by a judgment. Legislation may act on subsequent proceedings, may abate actions pending, but when these actions have passed into judgment the power of the legislature to disturb rights created thereby ceases." 172 U.S. at 123-24.

The doctrine has also been applied more recently. In *Luxford v. Dalkon Shield Claimants Trust,* the court relates the history of the vested-rights doctrine and applies it to a similar Oregon legislative enactment. 978 F. Supp. 221 (D. Md. 1997). The *Luxford* court examined the statute of repose for product liability actions arising from use of the Dalkon Shield. The statute provided that any "action in which final judgment has been entered in favor of the manufacturer based solely on a previous version of the statute of limitations or repose may be refiled within one year of the effective date of this act." *Id.* at 222 (quoting 1989 Or. Laws ch. 642 § 4). The court concluded the Oregon statute was unconstitutional because it deprives a defendant of a protected property right without due process of law. *See also Johnston v. Cigna Corp.*, 14 F.3d 486 (10th Cir. 1994)(invalidating a federal statute that purported to reinstate actions dismissed as time-barred under previous law).

Plaintiffs, however, argue the vested-rights doctrine has been "largely discredited" and should no longer be followed. The

9 - OPINION AND ORDER

*Johnston* court rejected a similar argument and acknowledged the continued viability of *McCullough* and the vested-rights doctrine:

> Although the government points out that *McCullough* represents the only occasion where the Supreme Court has invalidated legislation under the vested rights doctrine, the government does not, indeed it could not, dispute that *McCullough* remains valid law.

14 F.3d at 491. The *Johnston* court also notes the Supreme Court has "reiterated the vested rights principle underlying *McCullough* on several occasions." *Id.* (citing six Supreme Court cases supporting the doctrine). Contrary to Plaintiff's assertion, therefore, the vested-rights doctrine appears to be alive and well as evidenced by *Luxford* and *Johnston*.

Plaintiffs also argue the Supreme Court has indicated a judgment of dismissal is not property for the purpose of Due Process Clause protection. To support this assertion, Plaintiffs rely on *College Savings Bank v. Florida Prepaid Postsecondary Educ. Expense Bd.*, 527 U.S. 673 (1999), and *Castle Rock v. Gonzales*, ___ U.S. ___ , 125 S. Ct. 2796 (2005), neither of which involves the retroactive application of a statute.

In *College Savings*, the plaintiff argued Congress enacted the Trademark Remedy Clarification Act (TRCA) to prevent state deprivations of two types of property rights without due process: (1) a right to be free from a business competitor's false advertising about its own product and (2) a more generalized

right to be secure in one's business interests. The Court held neither of these qualifies as a property right protected by the Due Process Clause. Thus, *College Savings* is not helpful to the issues raised here.

In *Gonzales,* the plaintiff alleged the police violated the Due Process Clause because they had an official policy or custom of failing to respond to complaints of restraining order violations. 125 S. Ct. at 2800. Plaintiff argued she had a property interest in police enforcement of the restraining order, and the town deprived her of this property without due process by having a policy that tolerated nonenforcement of restraining orders. The Court analyzed the issue as one of procedural due process, and, therefore, the issue was whether the plaintiff had a protected entitlement to a benefit. "The procedural component of the Due Process Clause does not protect everything that might be described as a 'benefit': To have a property interest in a benefit, a person clearly must have more than an abstract need or desire and more than a unilateral expectation of it. He must, instead, have a legitimate claim of entitlement to it." 125 S. Ct. at 2803 (internal quotations and citation omitted). The Court went on to note that a benefit is not a protected entitlement if government officials may grant or deny it at their discretion. *Id.* The Court concluded the plaintiff did not have an entitlement to enforcement of the restraining order and,

11 - OPINION AND ORDER

therefore, did not have a property interest that was protected by the procedural component of the Due Process Clause. *Id.* at 2810. As noted, the *Gonzales* Court discussed and applied a procedural due process analysis. *Gonzales,* therefore, also does not defeat Defendant's argument here that the legislature's action to set aside a final federal court judgment deprived Defendant of substantive due process.

This Court finds the *Luxford* court's analysis is persuasive. Here, as in *Luxford*, a final judgment was entered against Plaintiffs. The 2003 judgment is a final adjudication on the merits for purposes of the vested-rights doctrine. *See Luxford*, 978 F. Supp. at 228. *See also Plaut v. Spendthrift Farm, Inc.*, 514 U.S. 211, 226-28 (1995). Here the statute at issue, like the IUD legislation at issue in *Luxford*, purports to resurrect claims that have been adjudicated to final judgment. In doing so, the legislation deprives Dryvit of a protected property right without due process of law.

Accordingly, to the extent the amendment to Or. Rev. Stat. § 30.905 purports to reinstate Plaintiffs' claims despite the entry of the 2003 final judgment, the Court concludes this legislation violates the Due Process Clause of the Fourteenth Amendment, and, therefore, is unconstitutional. This Court agrees with the *Luxford* court's decision: "[T]o permit a legislative body to retroactively set aside the judgment of a

12 - OPINION AND ORDER

federal court is constitutionally impermissible." 978 F. Supp. at 229.

Because application of the vested-rights doctrine is dispositive, the Court need not reach Defendant's arguments regarding the Equal Protection Clause.

### CONCLUSION

For these reasons, the Court **GRANTS** Defendant's Motion for Summary Judgment (#70).

IT IS SO ORDERED.

DATED this 13th day of March, 2006.

_____
ANNA J. BROWN
United States District Judge